IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACEY WELLINGTON, ) | Case No. 1:19-cv-0938 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | THOMAS M. PARKER |
| ) | |
| LAKE HOSPITAL SYSTEM, INC, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |
| ) | |
| ) | |

## I.  Introduction

This lawsuit stems from a brief employer-employee relationship between Plaintiff Stacey Wellington, her supervisor, Defendant Phillip Brooks, and Defendant Lake Hospital System, Inc., *et al.* ("Lake Health). After her employment and educational privileges were terminated, Wellington filed sixteen different claims against defendants (ECF Doc. 34) and Lake Health filed a single-count counter-claim against Wellington. ECF Doc. 36. On December 6, 2019, Wellington moved for summary judgment on defendants' counterclaim. ECF Doc. 96. Because there are no genuine disputes of material fact on an essential element of Lake Health's spoliation claim, the court must GRANT summary judgment to plaintiff. The parties consented to my jurisdiction. ECF Doc. 24.

## II.  Brief Statement of Facts

The parties' Rule 56 materials show the following facts relevant to defendants' counter-claim. Wellington began working at Lake Health on August 21, 2018. Brooks Depo. p. 200,

ECF Doc. 95-3 at 2. The employment relationship did not end well and resulted in this litigation. After Wellington's employment was terminated, she claimed to have recorded two conversations – one with Brooks during her interview and another with her recruiter, Dale Chorba. Wellington Depo. pp. 80, 335-337; ECF Doc. 87-1 at 80, 335-337.

Later, when Wellington failed to produce any recordings in discovery, Lake Health filed this spoliation claim. After the spoliation claim was filed, Wellington testified that she had not recorded any conversations, but had lied about the recordings so defendants would take her claims seriously. Wellington Depo. pp. 80, 335-337; ECF Doc. 87-1 at 80, 335-337.

Wellington filed this lawsuit on April 25, 2019 against Lake Health and Phillip Brooks. ECF Doc. 34. Lake Health filed its counterclaim on July 2, 2019. ECF Doc. 36 at 27, 39-40.

## III. Standard of Review

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct.2505, 91 L.Ed. 2d 202 (1986). As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2nd Cir. 1998) (citation omitted); see also Fed. R. Civ. P. 56 (e)(2). As the Supreme Court has explained, "[the non-moving party] must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Elec., Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). As for the materiality requirement, a dispute of fact is "material" if it

"might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson,* 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of any genuine issue of material fact." *Celotex v. Catrett,* 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); see also Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed R. Civ. P. 56(c), (e).

**IV.  Law & Analysis**

To recover on a claim for spoliation of evidence, a plaintiff must prove all of the following elements: (1) pending or probable litigation involving the parties, (2) a party's knowledge that litigation exists or is probable, (3) willful destruction of evidence by one party designed to disrupt the other party's case, (4) disruption of the party's case, and (5) damages proximately caused by the spoliation acts. *White v. Equity, Inc.,* 191 Ohio App.3d 141, 2010-Ohio-4743, ¶ 29, 945 N.E.2d 536 (10th Dist.), *citing Smith v. Howard Johnson Co., Inc.,* 67 Ohio St.3d 28, 29, 1993 Ohio 229, 615 N.E.2d 1037 (1993).

Lake Health's counter-claim alleges the basic elements of a spoliation claim: that Wellington recorded two conversations – one with Brooks during her interview and another with her recruiter, Dale Chorba; that she destroyed the recordings in an effort to disrupt Lake Health's

3

defense; and that its defense has been disrupted and it incurred cost and attorney fees trying to obtain the recordings through discovery in this case. ECF Doc. 36 at 39-40.

Wellington argues that there are no genuine disputes of fact on several of the elements of Lake Health's claim. She argues that Lake Health cannot show that she willfully destroyed evidence, that its case was disrupted or that Lake Health suffered damages. ECF Doc. 96 at 8. These arguments hinge on Wellington's claim that she never recorded any conversations with Brooks or Chorba.

Lake Health argues that there are genuine issues of fact based on Wellington's original claim that she recorded the conversations. Lake Health argues that a jury should decide whether the recordings actually existed. Regarding the fourth element of its claim, Lake Health's arguments are more speculative. Lake Health argues that the recordings must have been disruptive to Lake Health's case or Wellington would have produced them. Lake Health then argues that it has incurred damages in the form of attorney fees and costs trying to track down the audio recordings. ECF Doc. 108 at 9-10. It also claims that it has been deprived of evidence that "would undoubtedly assist" its case at trial. *Id.*

Wellington argues that she is entitled to summary judgment on Lake Health's spoliation claim because there is no evidence that the recordings ever existed. A spoliation claim cannot be based upon conjecture that evidence might have existed and that a party might have destroyed it. *Keen v. Hardin Mem. Hosp.,* 3rd Dist. Hardin No. 6-03-08, 2003-Ohio-6707, ¶16 (stating that "[n]on-existent evidence, by its very nature, cannot be spoiled.") Lake Health's proof such recordings existed rests entirely on Wellington's original claim that she recorded two conversations, something she now ardently denies. The existence of the recordings appears to be

4

conjecture on Lake Health's part because Wellington has now provided an explanation under oath for fabricating such claims.

But even if the court were to find there to be a genuine dispute on the third element of the spoliation claim based on Wellington's conflicting statements, the same cannot be said for the fourth element of the claim - that the allegedly destroyed evidence disrupted Lake Health's defense. If, based on Wellington's initial statements, the jury were to find that the recordings existed, could it also find that the recordings would have helped Lake Health? It is doubtful that Wellington would have touted the recordings if the conversations with Brooks and Chorba had been helpful to *Lake Health's* case. In other words, why would Wellington have mentioned the recordings if they would "undoubtedly assist" defendants? To render a verdict for Lake Health on the spoliation claim at trial, the jury would be required to find that Wellington boasted about recordings that would have hurt her case. Such a proposition does not make sense.

To show that Wellington willfully destroyed evidence in order to disrupt its case, Lake Health is required to show that the spoliated evidence was of such a nature that it would have enabled Lake Health to successfully defend against Wellington's civil action. *See Wheatley v. Marietta Coll.,* 4th Dist., Washington No. 14CA18, 2016-Ohio-949, *citing Tomas v. Nationwide Mut. Ins. Co.,* 79 Ohio App.3d 624, 631, 607 N.E.2d 944, 948 (10th Dist. 1992). No such evidence exists here. Wellington now claims that she never made any recordings, but even if the jury were to conclude that she did, there is no Rule 56 evidence of their content. Lake Health's speculation that willfully destroyed evidence of unknown content would have helped its case is insufficient to meet Lake Health's summary judgment burden. *Id.* at 110, citing *Tomas* 79 Ohio App.3d at 633 ("Speculation based upon possibility is too tender a reed upon which to base a claim for relief."). Because there is no evidence showing that the allegedly destroyed recordings

5

would have assisted Lake Health's defense, the court must GRANT summary judgment on Lake Health's spoliation claim.

**V.     Conclusion**

After resolving all ambiguities and drawing all reasonable inferences against Wellington, the court finds that there is no evidence to support a necessary element of Lake Health's spoliation claim. The court GRANTS Wellington's motion for summary judgment. ECF Doc. 96.

The final pretrial scheduled for **March 2, 2020 at 10:00 a.m.** is CONFIRMED.

IT IS SO ORDERED.

Dated: February 24, 2020

                                                                    Thomas M. Parker
                                                                   United States Magistrate Judge