IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACEY WELLINGTON, | ) | Case No. 1:19-cv-0938 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| LAKE HEALTH SYSTEM, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Lake Health System, Inc. ("Lake Health") and Phillip Brooks filed a motion to bifurcate Wellington's Count VII - negligent hiring and retention claim and her demand for punitive damages from the trial of all of Wellington's remaining other claims. ECF Doc. 122.

Fed. R. Civ. P. 42(b) authorizes the court to order separate trials for "convenience, to avoid prejudice, or to expedite and economize." Defendants argue that they will be prejudiced if some of the evidence required to prove Wellington's negligent hiring/retention claim is admitted in the same trial as her Title VII sexual harassment/hostile work environment claim. The Sixth Circuit has held that a defendant's harassment against other individuals of which a plaintiff is unaware is irrelevant to a hostile work environment claim. *See, e.g.*, *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 249 n.4 (6th Cir. 1998); *Burnett v. Tyco Corp.*, 203 F.3d 980, 981 (6th Cir. 2000); *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 336 (6th Cir.2008); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009); *Armstrong v. Whirlpool Corp.*, 363 F. App'x 317, 328 (6th Cir. 2010). Moreover, defendants contend that plaintiff will have no claim

for negligent hiring/retention unless she succeeds on her Title VII claim. They assert the jury should assess the Title VII claim without being influenced by the known other acts evidence which defendants concede would be relevant to plaintiff's negligent hiring/retention claim. And they contend the potential prejudice defendants would suffer by commingling the evidence relevant to the two claims cannot be ameliorated by any limiting instruction the court could give the jury.

Wellington filed a brief in opposition to defendants' motion to bifurcate on February 28, 2020. ECF Doc. 146. Wellington argues that the potential prejudice to defendants on the hostile work environment claim can be remedied by an appropriate jury instruction rather than bifurcating the trial. The court agrees.

Bifurcation is appropriate (1) "in furtherance of convenience," (2) "to avoid prejudice," or (3) "when separate trials will be conducive to expedition and economy." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Courts have wide discretion when making bifurcation decisions, but that discretion must be grounded in one of the factors outlined in Rule 42(b). *See Nationwide Mut. Fire Ins. Co. v. Jahic*, 2013 U.S. Dist. LEXIS 1798, 2013 WL 98059, at *2 (W.D. Ky. 2013); *S.S. v. Leatt Corp.*, 2014 U.S. Dist. LEXIS 12192, 2014 WL 356938, at *1 (N.D. Ohio 2014). Only one of the criteria from Rule 42(b) needs to be met to justify bifurcation. *Saxion,* 86 F.3d at 556. Here, ordering a separate trial for Wellington's negligent hiring/retention claim would not be more convenient, expeditious or economize the court's resources. To the contrary, ordering separate trials would potentially lengthen the trial and place a considerable burden on the court, the jury and all parties involved.

"[B]ifurcation is the exception to the general rule that favors resolving disputes in a single proceeding." *Wolkosky v. 21st Century Centennial Ins. Co.,* 2010 U.S. Dist. LEXIS

79643, 2010 WL 2788676, at *3 (S.D. Ohio 2010) (internal quotation marks omitted); *see also Saxion*, 86 F.3d at 556 ("Motions for bifurcation are more often denied than granted."); *Eighth Floor Promotions, LLC v. R.S. Owens & Co., Inc.,* 2009 U.S. Dist. LEXIS 91697, 2009 WL 2982873, at *1 (S.D. Ohio 2009).  In other words, "bifurcation should be ordered only in exceptional cases."  *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.,* 2008 U.S. Dist. LEXIS 91496, 2008 WL 4823069, at *2 (S.D. Ohio 2008).  The party seeking bifurcation bears the burden of demonstrating that it is appropriate.  *Farmers Bank of Lynchburg, Tenn. v. Bancinsure, Inc.,* 2011 U.S. Dist. LEXIS 59649, 2011 WL 2023301, at *1 (W.D. Tenn. 2011).

Here, any prejudice to defendants may be mitigated by an appropriate jury instruction on the evidence that is relevant to plaintiff's Title VII claim.  Defendants do not cite any case law holding that giving an appropriate jury instruction, rather than ordering a separate trial, is an abuse of a trial court's discretion.  Defendants cite a district court case in which the trial court ordered separate trials and found that a jury instruction would not be appropriate.  *Johnson v. Advanced Bionics, LLC,* No. 2:08-cv02376, 2011 U.S. Dist. LEXIS 36289 (W.D. Tenn., April 4, 2011).  But the *Johnson* case did not establish that a trial court does not have the *discretion* to try the claims together and limit the evidence by an appropriate jury instruction.

Defendants also cite a Second Circuit case in which the trial court permitted testimony from six former Company officers regarding the circumstances of their terminations to prove that the Company had a pattern and practice of discrimination.  The Second Circuit found that this evidence was irrelevant as to whether the plaintiff had been terminated for age-related reasons and should have been excluded under Fed. R. Evid. 403.  The court also stated that, under those circumstances, the strongest jury instruction could not have dulled the impact of the parade of witnesses.  *Haskell v. Kaman Corp.,* 743 F.2d 113, 122 (2nd Cir. 1984).  The *Haskell* case did

not involve a motion to bifurcate or evidence that was probative to one of plaintiff's claims. As already stated, defendants have not cited any such controlling case law.

In considering a motion to bifurcate, the court is required to consider convenience, prejudice, expedition and economy. Three of these factors weigh against bifurcation and the fourth factor – prejudice – can be mitigated, if necessary, by a limiting jury instruction. Courts commonly instruct juries to deliberate the causes of action in a particular order coupled with additional limiting instructions that admonish the jury that certain evidence may not be considered for one claim, but only for another. Here, there is no doubt the jury could be instructed that they will not reach the negligent hiring/retention claim *unless* they find for the plaintiff on the Title VII claim. And they could be instructed that certain evidence submitted to prove the former claim could not be considered when deciding the latter. For these reasons, the court declines to exercise its discretion to order a separate trial of Wellington's negligent hiring/retention claim.

The court also declines to exercise its discretion to bifurcate Wellington's demand for punitive damages. Initially, the court notes that there is no freestanding "claim" for punitive damages. Instead, punitive damages may be awarded under appropriate circumstances as an additional element of damages if evidentiary thresholds have been met. Defendants initially argued that bifurcation of Wellington's punitive damages was mandatory under Ohio Rev. Code § 2315.21(B). However, they later conceded that the case law in this district has shifted toward applying Fed. R. Civ. P. 42(b), which leaves bifurcation to the discretion of the trial court and in the interest of "convenience, to avoid prejudice, or to expedite and economize." ECF Doc. 150 at 3. As already indicated, under this analysis, the court finds that bifurcating the trial does not promote the interests of convenience, expedition or judicial economy. Also, as already stated,

any potential prejudice to defendants may be mitigated by an appropriate jury instruction limiting the evidence to the relevant claim.[1]

Because bifurcating Wellington's negligent hiring/retention claim and her punitive damages demand would not make the disposition of this case more convenient, expeditious or economical, and because any potential prejudice to defendants can be mitigated by an appropriate jury instruction limiting the evidence to the relevant claim, the court declines to exercise its discretion under Fed. R. Civ. P. 42(b) to order separate trials. Defendants' motion to bifurcate trial is DENIED.

**IT IS SO ORDERED.**

Dated: March 3, 2020

Thomas M. Parker
United States Magistrate Judge

---

[1] Whether a limiting jury instruction will be given to the jury has not yet been decided. Wellington submitted "Sixth Circuit Pattern Criminal Jury Instructions" during the final pretrial and argued that the jury should be permitted to consider other harassment by Brooks when deciding her Title VII claim. Defendants argue that the submitted jury instructions are not from the Sixth Circuit, but the Third, and are otherwise inapplicable to Wellington's claims. ECF Doc. 160.